No. 15,369.

HAPPER *v.* THE PEOPLE.
(141 P. [2d] 1016)

Decided September 27, 1943.

Mr. JOHN J. GIBBONS, Mr. L. E. F. TALKINGTON, for plaintiff in error.

Mr. GAIL L. IRELAND, Attorney General, Mr. H. LAWRENCE HINKLEY, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

Mr. Chief Justice Young delivered the opinion of the court.

Under an information charging him in four separate counts with the commission of statutory offenses, plaintiff in error, defendant below, was convicted under the third count, of the infamous crime against nature, and under the fourth count, with an attempt to commit such crime. He was sentenced on each to a term of from seven to ten years in the state penitentiary, such sentences to run concurrently. The statute makes the act and an attempt to commit the act a crime, punishable by the same penalty. Defendant has brought the case here by writ of error.

The seven specifications of points upon which defendant relies for reversal, raise but one question; namely, whether he was entitled to have given to the jury a requested instruction—which was refused by the court—to the effect that if they did not find from the evidence that defendant committed the crime, but that he merely solicited the complaining witness to submit to the act and made no attempt other than such solicitation, he should be acquitted. It is urged by defendant's counsel that solicitation, though a crime in itself, was not charged, and that solicitation alone does not constitute an attempt to commit the offense within the meaning of the statute.

A very small part of the testimony is abstracted. We have, however, examined the entire record, from which it appears that all of the testimony was admitted without objection. There can be no doubt that if the jury gave credence to the evidence on the part of the people, it was ample to support a finding that defendant was guilty of the act itself. This, counsel for defendant does not seriously question in his brief.

Defendant offered no testimony, but his counsel contend, notwithstanding such fact, that he was entitled to have given the tendered instruction on his theory of the case, even though such theory developed, as defendant contends, from the cross-examination of the people's

witnesses. On cross-examination, the police officers stated that defendant denied the commission of the act, and any attempt to commit it, but admitted he had solicited the boy to permit it.

Under the particular facts of this case, we are spared the necessity of ruling upon, or deciding the question of whether the cross-examination disclosed a theory of defense, and if so whether defendant was entitled to an instruction upon such theory so disclosed and, if both the foregoing propositions be resolved in his favor, whether the instruction tendered was a proper instruction. It contains no direction to the jury relating in any way to the act charged, but only to an attempt to commit the act. There was, as we have stated, ample uncontroverted evidence to support the verdict of the jury that defendant was guilty of the act charged in the third count. Even if the verdict of guilty on the fourth count charging the attempt is, as defendant contends, supported by no evidence, and if the tendered instruction was, as defendant also contends, one which the court should have given, defendant is not prejudiced by the verdict of guilty on the charge of attempt.

The statute, as noted, provides the same penalty for the attempt as for the commission of the act. The court imposed the same sentence on each count and directed that the sentences run concurrently. Under such circumstances defendant was not injured, and the error assigned, if it was such, was harmless. It is not, therefore, regardless of its abstract merits, upon which we do not pass, ground for reversal.

Judgment affirmed.